People v Harris (2024 NY Slip Op 50897(U))

[*1]

People v Harris

2024 NY Slip Op 50897(U)

Decided on July 15, 2024

Criminal Court Of The City Of New York, Bronx County

González-Taylor, J.

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and will not be published in the printed Official Reports.

Decided on July 15, 2024
Criminal Court of the City of New York, Bronx County

The People of the State of New York,

against
Tevin Harris, Defendant.

Docket No. CR-022815-23BX

For the People:
Darcel D. Clark, District Attorney, Bronx County
(by: ADA Elizabeth Doty)
For the Defendant:
The Legal Aid Society 
(by: Aaliyah Smith, Esq.)

Yadhira González-Taylor, J.

By Notice of Omnibus Motion dated April 22, 2024, defendant Tevin Harris moves for an order: 1) suppressing identification evidence or granting a Wade/Dunaway pre-trial hearing pursuant to CPL §§ 710.20 (6), 710.30 (4) and 710.60; 2) granting a voluntariness hearing concerning statements sought to be used on cross-examination pursuant to CPL §§ 60.45, 710.20 (3), 710.40 (3) and 60.45 (2), 710.20 (3) and concerning statements made to civilians pursuant to CPL § 710.40 (3); 3) precluding evidence pursuant to CPL § 710.30; 4) directing the prosecution to comply with CPL § 245.55 (3) to, inter alia, preserve and disclose all 911 calls and police recordings; 5) directing the prosecution to comply with Brady/Vilardi requests; 6) directing the prosecution to file an additional Certificate of Compliance ("CoC") confirming that reasonable inquiries have been made for discoverable evidence pursuant to CPL § 245.20 (1) (k); 7) granting a Sandoval hearing; 8) granting severance of defendant's docket from his co-defendant Angelique Rosado pursuant to CPL § 200.40; and, 9) permitting defendant to reserve his right to make additional motions as necessary.
Upon review and consideration of the submissions, court file and relevant legal authority, the Court deems the prosecution's CoC VALID [FN1]
and DENIES defendant's motion for severance pursuant to CPL § 200.40; and further:
DENIES defendant's request for an order suppressing identification evidence pursuant to CPL §§ 710.20 (6), 710.20 (4) and 710.60; and
GRANTS defendant's motion for a Wade/Dunaway pre-trial hearing; and
DENIES defendant's motion for a Grillo voluntariness hearing as premature; and
REFERS to the trial court defendant's request for an order precluding identification evidence pursuant to CPL § 710.30; and
REFERS to the trial court defendant's request for a Sandoval hearing; and
DIRECTS the People to comply with their continuing discovery obligations pursuant to CPL § 245, including Brady/Vilardi disclosures; and GRANTS defendant's application seeking the right to make further motions to the extent provided by CPL § 255.20 (3); and
DIRECTS defendant to file a CoC pursuant to CPL § 245.50(2). 
RELEVANT PROCEDURAL BACKGROUND
On October 16, 2023, defendants Tevin Harris and Angelique Rosado were arrested and charged with violating Penal Law ("PL") § 120.14 (1) (menacing in the second degree), § 120.00 (1) (assault in the third degree), § 265.01 (2) (criminal possession of a weapon in the fourth degree), all misdemeanors, and § 240.26 (1) (harassment in the second degree), a violation. Specifically, the information alleges that the conduct took place after defendant Harris's vehicle, in which co-defendant Rosado was a passenger, collided with another vehicle driven by the complaining witness. On October 17, 2023, defendant was arraigned on the misdemeanor complaint and released on his own recognizance.
On January 12, 2024, the prosecution filed their CoC, Statement of Readiness ("SoR") and a Supporting Deposition. At the court appearance held on January 25, 2024, defendant was arraigned on the information. At the compliance conference held on March 12, 2024, the instant motion was scheduled after defense counsel advised this Court that he was not in receipt of meta data, audit logs and body-worn camera ("BWC") footage and the Court directed the People to produce the audit trails. On March 28, 2024, the prosecution supplemented the CoC for disclosure of the audit trails and NYPD aided worksheet. Defendant's motion was filed on April 22, 2024, and the People filed their opposition on May 28, 2024. Defense did not raise any issues regarding the validity of the People's CoC in this motion.

DISCUSSION
I. Applicable Legal Standard
Severance
Criminal Procedure Law § 200.40 (1) provides, in pertinent part, that "[t]wo or more defendants may be jointly charged in a single indictment provided that: (a) all such defendants are jointly charged with every offense alleged therein, or (b) all the offenses charged are based upon a common scheme or plan, or (c) all the offenses charged are based upon the same criminal transaction, or (d) the indictment includes a count charging enterprise corruption" but the court "may for good cause shown order in its discretion that any defendant be tried separately from the other or from one or more ore all of the others" (see § 200.40 [1] [emphasis added]). 
Good cause under CPL § 200.40 (1) includes "a finding that a defendant or the people will be unduly prejudiced by a joint trial" (see CPL § 200.40 [1]; see also People v Bornholdt, 33 NY2d 75, 86-87 [1973] ["Where proof against the defendants is supplied by the same evidence, only the most cogent reasons warrant a severance"]; People v Mahboubian, 74 NY2d 174, 183 [*2][1989]["Severance is compelled where the core of each defense is in irreconcilable conflict with the other and where there is a significant danger, as both defenses are portrayed to the trial court, that the conflict alone would lead the jury to infer defendant's guilt"]; see also People v Chestnut, 19 NY3d 606, 610-611[2012][Prejudice resulted from the court's denial of defendant's motion for a severance where voluminous evidence, unrelated to defendant, colored the jury's evaluation]).
II. The Parties' Arguments
Counsel contends that co-defendant Rosado's anticipated self-defense argument would necessarily discredit defendant Harris's claims that he was not in possession of a weapon, nor did he participate in the physical altercation with the complaining witness (affirmation of defendant's counsel at 13). Defendant Harris further asserts that without severance a jury may be confused and unable to determine which defendant's conduct caused the victim's injuries where the allegations are that defendant Harris wielded a boxcutter and defendant Rosado struck defendant with fists and a broom (affirmation of defendant's counsel at 13). Counsel avers that defendant Harris should be granted a Wade/Dunaway suppression hearing for identification evidence, a voluntariness hearing for statements to be used on cross-examination and for those statements made to civilians, suppression of any tangible evidence resulting from unlawful police conduct, preclusion of any statement or identification evidence not properly noticed by the prosecution and a Sandoval hearing (affirmation of defendant's counsel at 4-8, 12). Lastly, defendant argues that the People should be directed to further comply with CPL § 245 disclosures, including 911 recordings, police files, and Brady/Vilardi responses (affirmation of defendant's counsel at 9-11). 
The prosecution maintains that identification evidence was properly noticed and opposes defendant's motion to suppress and preclude evidence, and defendant's reservation of rights to file additional motions (People's affirmation at 7-8, 14). Next, the People further assert that they have already disclosed case-related 911 calls and discoverable NYPD materials and they acknowledge their Brady/Vilardi obligations regarding police recordings (People's affirmation at 9-12).
The People request that defendant Harris's motion to sever be deferred to the trial court until just prior to jury selection but nonetheless argue that defendant Harris, though served with all notices, has not asserted that co-defendant Rosado intends to testify at trial and offer exculpatory evidence in his favor (People's affirmation at 13).
III. The Court's Analysis
A. Motion for Severance [FN2]

As a threshold matter, both defendants Harris and Rosado are charged with violating the same four offenses, to wit: PL § 120.14 (1) (menacing in the second degree), § 120.00 (1) (assault in the third degree), § 265.01 (2) (criminal possession of a weapon in the fourth degree) and § 240.26 (1) (harassment in the second degree), which conduct purportedly stemmed from a physical altercation following a vehicle collision involving defendant Harris, as the driver, and defendant Rosado, as his passenger, with the car driven by the complaining witness. Moreover, it is well-settled that public policy favors joinder because it "expedites the judicial process, reduces court congestion, and avoids the necessity of recalling witnesses" (see Bornholdt at 86-[*3]87). Accordingly, "a proper showing of need [for severance] imports that the movant clearly show what the codefendant would testify to and that such testimony would tend to exculpate the movant" (see Bornholdt at 87).
Here, defense counsel advances mere conjecture that defendant Rosado will assert a claim of self-defense at trial and that said claim would necessarily discredit defendant Harris's defense that he was not involved in the altercation. Initially, counsel has proffered no evidence that co-defendant Rosado would in fact testify and that said testimony would exculpate defendant Harris. Consequently, the Court has no basis to determine that the defendants' defenses are antagonistic such that a jury would be prejudiced to infer defendant Harris's guilt (see Mahboubian at 185) or be confused about which of the victim's injuries is attributable to which defendant (see People v Chestnut at 610-611).
Although the prosecution posits that the issue of severance should be deferred to the trial court, there is no statutory proscription against resolving the issue based upon the instant motion. Therefore, we find that the facts and arguments at bar do not warrant severance (see Bornholdt at 87 [internal citations omitted] ["(T)he court is not required to sever where the possibility of the codefendants testifying is merely colorable or speculative"]). 
IV. Other Relief Requested by Defendant
Additionally, the Court denies defendant's request for an order suppressing identification evidence but grants defendant's motion for a Wade/Dunaway and Huntley pre-trial hearing. The Court grants defendant's request to reserve his right to make further motions to the extent provided by CPL § 255.20 (3), and respectfully refers defendant's request for preclusion of identification evidence and a Sandoval hearing to the trial court. Lastly, the People are directed to comply with their continuing discovery obligations pursuant to CPL § 245, including Brady/Vilardi disclosures.

CONCLUSION
Based upon the foregoing, this Court deems the prosecution's CoC VALID and DENIES defendant's motion for severance pursuant to CPL § 200.40; and further:
DENIES defendant's request for an order suppressing identification evidence pursuant to CPL §§ 710.20 (6), 710.20 (4) and 710.60; and
GRANTS defendant's motion for a Wade/Dunaway pre-trial hearing; and
DENIES defendant's motion for a Grillo voluntariness hearing as premature; and
REFERS to the trial court defendant's request for an order precluding identification evidence pursuant to CPL § 710.30; and
REFERS to the trial court defendant's request for a Sandoval hearing; and
DIRECTS the People to comply with their continuing discovery obligations pursuant to CPL § 245, including Brady/Vilardi disclosures; and 

GRANTS defendant's application seeking the right to make further motions to the extent provided by CPL § 255.20 (3); and
DIRECTS defendant to file a CoC pursuant to CPL § 245.50(2). 

This constitutes the opinion, decision, and the order of the Court.
Dated: July 15, 2024
Bronx, New York
Hon. Yadhira González-Taylor, J.C.C.

Footnotes

Footnote 1:The Court set this motion schedule after the conclusion of a discovery conference held on March 12, 2024, wherein the People were directed to turn over certain discoverable materials such as audit trails. Defendant did not raise objections as to the validity of the People's CoC in his written motion. Therefore, the People's CoC is deemed valid.

Footnote 2:Co-defendant Rosado did not join nor address defendant Harris's motion for severance in her motion to dismiss.